UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:12CR-110-H

JA-RON S. TEAGUE                                    PETITIONER/DEFENDANT

v.

COMMONWEALTH OF KENTUCKY *et al.*              RESPONDENTS/PLAINTIFFS

MEMORANDUM OPINION

This matter is before the Court on Ja-Ron S. Teague's *pro se* petition to remove his state

court criminal proceedings pursuant to 28 U.S.C. §§ 1443, 1446, and 1365.  For the reasons set

forth below, the Court will dismiss the petition and remand the action to state court.

**I.**

Teague initiated this action on September 12, 2012, by filing a document (DN 1) he

captioned, "Removal from state to federal court 28 U.S.C. 1443, 1446 and 1365 and move to

subpoena duce tecum all mental health files and plainitff(s) intoto pursuant F.C.R.P. 45 and stay

on all state proceedings until all appeals are exhausted at federal level F.C.R.P."  He names as

"Plaintiffs" the Commonwealth of Kentucky, Louisville Government Agencies, the Jefferson

County Attorney Office, the Louisville Public Defenders Office, and Louisville Seven Counties

Office.  He moves the Court to accept the removal petition "under Judicial Notice mandatory

constitutional 1st, 5th, 8th, and 14th, incorporated with FRE 201 Chapter Clauses."  He states

that he is not currently incarcerated.  It appears from his filings that he has approximately eight

pending charges in Jefferson District Court.

Teague "claims a conflict of interest with the Louisville Public Defenders Office" and

requests "that the office be prohibited from representing the Defendant not just now in this

proceeding [] but if arise in the future then also." He also requests "when sent back to the state court at Louisville [] a change of venue be so ordered." Teague also seeks a stay on all state criminal proceedings until appeals to the Sixth Circuit and United States Supreme Court are exhausted in order to protect his "equal protection and due process constitutional rights pursuant to U.S.C.A. 14th Amendment." Teague states that he has "detoxed out at Louisville Healing Place. Now he is now forced to suffer from all his mental health documented conditions."[1]

Teague further states that he "puts this court on mandatory judicial notice with all do respect FRE 201 and prayer is that this Federal Judge Entertain this matter in a open court hearing in the Federal Court House." Teague moves the Court to order the "plaintiffs" to take a number of actions, including ordering Seven Counties to treat his mental health condition; ordering the County Attorney's Office to "respect all plea agreements" regarding his mental health treatment; ordering the Public Defender's Office to "address these past plea agreements"; ordering that his felony charge be "amended to a misdemeanor and all other alleged misdemeanors be dismissed merged and all charges be [illegible] from public records"; and ordering that a hearing be scheduled and that Teague will be allowed to utilize subpoenas. He also seeks, "If given jail time that LMDC Director Mark Bolton be ordered to prescribe Defendant 400 mg of Seroquel nightly during this or any incarceration period 4-ever."

On September 14, 2012, Teague filed in the instant action a "motion of criminal removal from state to federal court, pursuant to 28 U.S.C. 1443, 1446, and . . . order of stay on state criminal proceedings, pursuant to Rcr 1.10, 13.04, and CR" (DN 4). It appears that Teague also

---

[1]The Court notes that Teague's petition refers to exhibits. However, no exhibits are attached.

filed this motion in Jefferson District Court. Teague states that he is "currently before this trial court on numerous of criminal charges [] Do to not being on mental medication Seroquel, counseling through Seven Counties, resulting in Defendant using alcohol and street drugs to suppress the voices, seeing things, etc."

Teague further states that since "the named local government agencies and agents 'intoto' are deliberately working in a concerted effort with each other & because they all get paid and work for the Commonwealth of Kentucky[,]" he "can't enforce and exercise his inherented United States Constitutional rights . . . ." He alleges that his rights under the First, Fifth, Eighth, and Fourteenth Amendments are being violated. He also states that he is putting the state district court on notice that he is temporarily removing his criminal matter to federal court and requesting the federal judge to "settle and protect the defendant's constitutional mental medical rights [] which will settle this controversy pursuant to and for al purposes of 28 U.S.C. 1365."

Teague goes on to identify a number of "agents" who have failed to protect his rights. He complains that Seven Counties refused to appear in court on his behalf and states that "all plaintiff(s) are wilfuly welshing on past plea agreements." Teague attaches to his motion a letter he sent to Louisville Mayor Greg Fischer seeking his assistance in getting Seven Counties to restore his medication and other services.

## II.

A state defendant may remove his criminal prosecution only as provided in 28 U.S.C. § 1443. This section permits removal of a criminal action by a defendant:

> (1) Against any person who is denied or cannot enforce in the courts of [a State] a right under any law providing for the equal civil rights of citizens of the United States . . . ;

3

> (2)   For any act under color of authority derived from any law
> providing for equal rights, or for refusing to do any act on the ground
> that it would be inconsistent with such law.

28 U.S.C. § 1443.

With respect to subsection (1), a removal petition must satisfy a two-pronged test.  *See Johnson v. Mississippi*, 421 U.S. 213 (1975).  "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  *Id.* at 219 (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

> Claims that prosecution and conviction will violate rights under
> constitutional or statutory provisions of general applicability or
> under statutes not protecting against racial discrimination, will not
> suffice.  That a removal petitioner will be denied due process of
> law because the criminal law under which he is being prosecuted is
> allegedly vague or that the prosecution is assertedly a sham,
> corrupt, or without evidentiary basis does not, standing alone,
> satisfy the requirements of § 1443(1).

*Id.* (citing *Greenwood v. Peacock*, 384 U.S. 808, 825 (1966)).  Second, a petitioner must show that he cannot enforce the specified federal right in state court.  *Johnson*, 421 U.S. at 219.  "This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'"  *Id.* (quoting *Rachel*, 384 U.S. at 799, 803)).

Plaintiff's petition and subsequent motion neither allege racial inequality nor that there is a formal expression of state law preventing him from enforcing his rights in state court.  Rather, it appears from Teague's filings that he believes that the state court officials have acted improperly in his case alone.  This is insufficient to justify removal.  "Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations

where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Greenwood v. Peacock*, 384 U.S. at 827.  Because Teague has alleged only improper actions by select state officials allegedly operating outside of the law, he must seek vindication of his rights through the state appellate courts.  For these reasons, removal is not proper under § 1443(1).

Nor does Teague's criminal action satisfy the alternative bases for removal under § 1443(2).  "The first clause [of subsection (2)], 'for any act under color of authority derived from any law providing for equal rights' has been examined and held available only to federal officers and to persons assisting such officers in the performance of their official duties." *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) (citing *Greenwood*, 384 U.S. at 815).  As to the second clause of § 1443(2), "[i]t is clear that removal under that language is available only to state officers."  *Greenwood*, 384 U.S. at 824 n.22; *Detroit Police Lieutenants and Sergeants Ass'n*, 597 F.2d at 568 ("We believe that this provision of the statute was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues.").  As Teague is not a federal officer or a person assisting a federal officer in the performance of his duties or a state officer, neither clause of § 1443(2) applies.

Teague also cites 28 U.S.C. §§ 1446 and 1365 to support removal.  However, neither of these statutes apply to removal of a criminal action.  Section 1446 provides the procedure for removal of a civil action.  Section 1365 concerns civil actions brought by the United States Senate or its committees.

### III.

Because removal is not authorized under § 1443, this Court is without jurisdiction to

entertain Teague's criminal action at this time.[2]  As such, the Court will dismiss Teague's

petition and summarily remand the action pursuant to 28 U.S.C. § 1455(b)(4).[3]

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:      Petitioner/Defendant, *pro se*
          Jefferson District Court
          Jefferson County Attorney
4412.010

---

[2]As procedural guidance, however, the Court advises that should Teague believe that his federal constitutional rights have been violated during his criminal proceeding, he should first exhaust his available state-court remedies and then file a federal habeas petition under 28 U.S.C. § 2254.

[3]Pursuant to § 1455(b)(4), "If it clearly appears on the face of the notice [of removal of a criminal prosecution] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

6